IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

**FILED**

**April 15, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0010

_____

ROBERT GOODWIN AND ROBIN GOODWIN,
Defendants Below, Petitioners,

V.

JAMES R. SHAFFER AND IRIS M. SHAFFER,
Plaintiffs Below, Respondents.

_____

Appeal from the Circuit Court of Preston County
The Honorable Steven L. Shaffer, Judge
Civil Action No. 18-C-7

REVERSED AND REMANDED

_____

Submitted:  January 26, 2022
Filed: April 15, 2022

Woodrow "Buddy" Turner, Esq.
Mark Gaydos, Esq.
Gaydos & Turner, PLLC
Kingwood, West Virginia
Counsel for the Petitioners

Alex M. Greenberg, Esq.
Dinsmore & Shohl LLP
Morgantown, West Virginia
Counsel for the Respondents

JUSTICE WALKER delivered the Opinion of the Court.

JUSTICE ALAN D. MOATS, sitting by temporary assignment, not participating.

**SYLLABUS BY THE COURT**

1. "A circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

2. "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

3. "If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact." Syllabus Point 4, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

4. "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syllabus Point 3, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

5. "The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined." Syllabus

Point 5, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

WALKER, Justice:

Petitioners Robert[1] and Robin Goodwin and Respondents James and Iris Shaffer are neighbors on Tunnelton Street in Kingwood. While they agree that an alley between them is owned by the Goodwins, the Shaffers contend that they have a prescriptive easement to use it. After the Goodwins built a fence blocking use of the alley, the Shaffers brought this action. On appeal, we consider whether the circuit court correctly granted partial summary judgment to the Shaffers by finding that they had a prescriptive easement in the alley from 1973, when the Shaffers purchased their property, until 1999, when the Goodwins purchased their property. On appeal to this Court, the Goodwins contend that the case was not proper for summary disposition and that the Shaffers failed to satisfy the criteria for proving a prescriptive easement. We agree with the Goodwins' contention that summary judgment was not proper in this case, so we reverse the circuit court's order to the extent it granted summary judgment to the Shaffers and remand this case for further proceedings.

---

[1]During oral argument of this case, counsel for the petitioners represented that Robert Goodwin had passed away. In the absence of a motion to substitute Mr. Goodwin's personal representative in his place, we proceed with the matter as it presently is styled to maintain consistency with the style of the case in the circuit court. Mrs. Goodwin is still a petitioning party in interest because she is a joint tenant with the right of survivorship, with Mr. Goodwin, of their property. *See* W. Va. R. App. P. 41(a), in part ("If a party dies after an appeal is filed, the personal representative of the deceased party may be substituted as a party on motion that complies with Rule 38 filed by the representative or by any party with the Clerk. The motion of a party shall be served upon the representative in accordance with the provisions of Rule 37. If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the Court may direct.").

1

# I. FACTS AND PROCEDURAL HISTORY

The Goodwins and the Shaffers own neighboring properties on Tunnelton Street in Kingwood, West Virginia, that are separated by an alley. For the purposes of the Shaffers' summary judgment motion, the parties agree that the Goodwins are the legal owners of the alley based, in part, on the location of the Goodwins' home on the corner of Tunnelton Street and Brown Avenue and the fact that the alley originally was constructed for the benefit of the homes on Brown Avenue.

The Shaffers claim that since they purchased their home in 1973, they have used the alley as parking for their personal and business vehicles and to access the back entrance of their home. The Goodwins purchased their home in 1999 and, later, erected a fence around their property. When the Goodwins installed their fence, they obtained a building permit, and they accommodated the Shaffers' request that the fence be located entirely within the Goodwins' property line so as not to impede the Shaffers' access to and use of the alley.

In 2015, the Goodwins' insurer recommended that they obtain a survey of their property. Following the survey, they installed a gate across the street entrance to the alley and a temporary fence along the side of the alley that borders the Shaffers' property. On September 22, 2015, the Shaffers filed an action against the Goodwins seeking declaratory judgment that the Shaffers had an ownership interest in or right to use the alley. Although the circuit court granted injunctive relief and ordered the Goodwins to remove

the gate and temporary fence, the court ultimately dismissed the Shaffers' declaratory judgment action finding that they were not entitled to declaratory relief because the deeds of record clearly established the boundaries of the parties' properties and showed that the alley was owned by the Goodwins. The circuit court entered its order reflecting these rulings on September 24, 2015. The Goodwins then requested extraordinary relief from this Court, but we refused their petition on September 25, 2015.

The Goodwins then erected a new fence and a building that obstructed the Shaffers' use of the alley. It is unclear whether the Goodwins' predecessors in title, who are now deceased, ever gave the Shaffers permission to use the alley. And the record evidence is conflicting as to whether the Shaffers asked the Goodwins for permission to use the alley or whether the Goodwins gave the Shaffers permission to use the alley. In any event, in 2018 the Shaffers filed the underlying lawsuit against the Goodwins asserting causes of action for prescriptive easement, private nuisance, civil conspiracy, trespass, and injunctive relief.

The following year, the Shaffers moved for summary judgment. The circuit court then held a summary judgment hearing and two evidentiary hearings before entering the order at issue in this appeal that granted, in part, and denied, in part, the Shaffers' motion for summary judgment. First, on April 18, 2019, the circuit court held a hearing on the Shaffers' motion for summary judgment and heard the arguments advanced by counsel for the Shaffers and the Goodwins. At the end of the hearing, the court took the

motion under advisement, directed the parties to try to resolve the case through mediation, and set the matter for a jury trial in October 2019. But, before the scheduled trial date, the circuit court held an evidentiary hearing on the Shaffers' summary judgment motion on August 29, 2019, and heard the testimony of two witnesses for the Shaffers before the allotted hearing time ended. Then, the court held a second, continued evidentiary hearing on the Shaffers' summary judgment motion on December 16, 2019, to hear testimony from the parties' remaining witnesses: two more witnesses testified in favor of the Shaffers, and three witnesses testified for the Goodwins.

After considering the testimony presented at the evidentiary hearings, including assessing the credibility of the witnesses and weighing the evidence presented, the circuit court granted summary judgment to the Shaffers as to their claim of a prescriptive easement from 1973 (when they purchased their home and started using the alley) to 1999 (when the Goodwins purchased their home). The circuit court denied summary judgment to the Shaffers as to their claim of a prescriptive easement from 1999 (when the Goodwins purchased their home) to the present finding that resolution of the prescriptive easement claim during the period of the Goodwins' ownership of their property involved genuine issues of material fact that were not proper for summary judgment. When the circuit court entered its first summary judgment order on October 28, 2020, this order did not contain language indicating that it was a final order for purposes

of appeal.[2]  The Goodwins then asked the circuit court to enter an amended order that includes this finality language, which it did on December 11, 2020.

The Goodwins now appeal from the circuit court's order to the extent that it awarded summary judgment to the Shaffers and found that they had a prescriptive easement in the disputed alley from 1973 to 1999.  On appeal to this Court, the Goodwins do not challenge the circuit court's order to the extent that it denied summary judgment, in part, and found that whether the Shaffers hold a prescriptive easement in the disputed alley from 1999 to the present requires the determination of genuine issues of material fact that preclude summary judgment.  So, our review of the circuit court's December 11, 2020 order is limited to that portion of the order granting partial summary judgment to the Shaffers.

## II.    STANDARD OF REVIEW

The Goodwins' appeal is before this Court from the circuit court's order granting summary judgment, in part, to the Shaffers.  We previously have held that our

_____

[2]*See* W. Va. R. Civ. P. 54(b), in part ("When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.").

standard of review of summary judgment orders is plenary: "A circuit court's entry of summary judgment is reviewed *de novo*."[3] We also consider the correctness of a court's summary judgment ruling under the following standard: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."[4] Guided by these standards, we now consider the parties' arguments.

### III.    ANALYSIS

The Goodwins' assignments of error center on two main issues: (1) whether summary judgment was proper in this case when there existed genuine issues of material fact and (2) whether the Shaffers proved the existence of a prescriptive easement from 1973 to 1999. The Shaffers respond that the circuit court's rulings were proper.

The merits of this matter center on the Shaffers' claim that they have a prescriptive easement in the alley. We previously held in Syllabus Point 1 of *O'Dell v. Stegall*[5] that a prescriptive easement may be established by proving each of the following elements:

---

[3]Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

[4]Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N.Y.*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

[5]226 W. Va. 590, 703 S.E.2d 561 (2010).

6

A person claiming a prescriptive easement must prove each of the following elements: (1) the adverse use of another's land; (2) that the adverse use was continuous and uninterrupted for at least ten years; (3) that the adverse use was actually known to the owner of the land, or so open, notorious and visible that a reasonable owner of the land would have noticed the use; and (4) the reasonably identified starting point, ending point, line, and width of the land that was adversely used, and the manner or purpose for which the land was adversely used.

The procedural method the circuit court used to decide that the Shaffers were entitled to relief upon their establishment of these prescriptive easement elements from 1973 to 1999 was by granting, in part, the Shaffers' motion for summary judgment. But we do not reach the merits of whether the Shaffers have established a prescriptive easement from 1973 to 1999 in the contested alley, because we find that the case was not proper for consideration on summary judgment.

Motions for summary judgment are governed by Rule 56 of the West Virginia Rules of Civil Procedure, subsection (c) of which provides, in pertinent part, that

[t]he [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Thus, "[i]f there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact."[6]

---

[6]Syl. Pt. 4, *Aetna*, 148 W. Va. 160, 133 S.E.2d 770.

7

The pivotal question at the summary judgment stage directs a court to determine whether there exists a genuine issue of material fact and not how that question should be decided.[7] In other words, "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial."[8]

And, when considering whether a genuine issue of material fact exists that would preclude summary judgment, we have clarified that motions for summary judgment should be decided based upon the record as it exists at the time the motion is made. We have explained that "whether a material issue of fact exists [is determined] on the basis of the factual record developed to that date."[9] Where "[t]he question cannot be resolved on

---

[7]*See* Syl. Pt. 5, *Aetna*, 148 W. Va. 160, 133 S.E.2d 770 ("The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined.").

[8]Syl. Pt. 3, *Painter*, 192 W. Va. 189, 451 S.E.2d 755. *See also* Syl. Pt. 5, *Jividen v. Law*, 194 W. Va. 705, 461 S.E.2d 451 (1995) ("Roughly stated, a 'genuine issue' for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed 'material' facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.").

[9]*Lengyel v. Lint*, 167 W. Va. 272, 280, 280 S.E.2d 66, 71 (1981). *See also* Syl. Pt. 2, *Aetna*, 148 W. Va. 160, 133 S.E.2d 770 ("On a motion for summary judgment all papers of record and all matters submitted by both parties should be considered by the court."). *Cf.* Syl. Pt. 1, *Aluise v. Nationwide Mut. Fire Ins. Co.*, 218 W. Va. 498, 625 S.E.2d 260 (2005) ("Rule 56(c) of the West Virginia Rules of Civil Procedure does not contain an exhaustive list of materials that may be submitted in support of summary judgment. In

th[e] record unless you accept the testimony of one party and ignore the testimony of another party[,] [t]his is not the type of determination to be made on a motion for summary judgment."[10]  This is so because "the use of summary judgment is disfavored where development of the facts of a case is desirable so as to clarify the application of the law."[11]

Applying these authorities here, we find that the circuit court committed two errors by granting partial summary judgment to the Shaffers.  First, the rule establishing the framework for summary judgment motions and our prior decisions contemplate deciding whether a party is entitled to summary judgment based upon the record as it has been developed at the time of the summary judgment motion.[12]  Where additional evidence is required to develop facts before a summary judgment motion may be ruled upon, the customary procedure is to submit evidentiary affidavits or to conduct further discovery— and both of these courses typically are initiated through the motion of a party, not the

---

addition to the material listed by that rule, a trial court may consider any material that would be admissible or usable at trial.").

[10]*Lengyel*, 167 W. Va. at 281, 280 S.E.2d at 71.

[11]*Id.* (citation omitted).  *Accord* Syl. Pt. 3, *Aetna*, 148 W. Va. 160, 133 S.E.2d 770 ("A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.").

[12]*See, e.g.*, W. Va. R. Civ. P. 56(c); *Lengyel*, 167 W. Va. at 280, 280 S.E.2d at 71; Syl. Pt. 2, *Aetna*, 148 W. Va. 160, 133 S.E.2d 770.

directive of the court.[13] Yet it does not appear that either party submitted the requisite affidavit or requested the court to permit further discovery before ruling on the Shaffers' summary judgment motion. Instead, it seems that the circuit court, itself, directed that the two evidentiary hearings be held before it ruled on the Shaffers' summary judgment motion.

The mere fact that multiple evidentiary hearings were required to develop the factual record before the court could decide the summary judgment motion suggests the existence of a genuine issue of material fact and that the case was not yet ripe for summary disposition.[14] Because there existed a genuine issue of material fact, the Shaffers' motion

---

[13]*See generally* W. Va. R. Civ. P. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."); Syl. Pt. 1, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996) ("An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it. When a departure from the rule occurs, it should be made in written form and in a timely manner. The statement must be made, if not by affidavit, in some authoritative manner by the party under penalty of perjury or by written representations of counsel. At a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified 'discoverable' material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.").

[14]*See Lengyel*, 167 W. Va. at 281, 280 S.E.2d at 71 ("[T]he use of summary judgment is disfavored where development of the facts of a case is desirable so as to clarify the application of the law." (citation omitted)). *See also* W. Va. R. Civ. P. 56(c)

10

for summary judgment should not have been granted. For that reason, we reverse that portion of the circuit court's order that granted the Shaffers summary judgment and found that they had a prescriptive easement in the contested alley from 1973 to 1999.

The second, and perhaps more egregious, error committed by the circuit court in its consideration and determination of the summary judgment motion concerns the court's assumption of the role of fact finder. In its order granting summary judgment, the circuit court both assessed the credibility of the witnesses who testified during the two evidentiary hearings and weighed the evidence they presented, commenting that the testimony of certain witnesses was "compelling" and "particularly compelling," while finding that the testimony of another witness was "not credible." First, this commentary indicates the existence of a genuine issue of material fact that the circuit court resolved to reach its decision, again demonstrating that the case was not ripe for summary disposition. But, in resolving this fact issue, the circuit court also improperly assumed the role of fact finder when its only function at the summary judgment stage is to decide whether a genuine issue of material fact exists. In this regard, we specifically have held that "[t]he question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined."[15] In other words, "[t]he circuit court's

(counseling that summary judgment is appropriate only when "*there is no genuine issue as to any material fact* and . . . the moving party is entitled to a judgment as a matter of law" (emphasis added)); Syl. Pt. 4, *Aetna*, 148 W. Va. 160, 133 S.E.2d 770 (same).

[15]Syl. Pt. 5, *Aetna*, 148 W. Va. 160, 133 S.E.2d 770.

function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial."[16]

Nonetheless, the circuit court here assumed the role of the fact finder by both weighing the evidence and deciding the genuine issue of fact before it. Fact finder is not the role assigned to the court at the summary judgment phase. Rather, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]'"[17] This is because

> [t]he province of the jury as the trier of fact is fundamental in our system of jurisprudence. R.C.P. 56, relating to summary judgment, does not create a right on the part of the court to invade the province of the jury, but on the contrary, the function of the jury as the trier of fact remains unimpaired by that rule.[18]

(Footnote added). Because the circuit court improperly assumed the role of fact finder to decide the genuine issue of material fact before it, instead of simply determining whether

---

[16]Syl. Pt. 3, *Painter*, 192 W. Va. 189, 451 S.E.2d 755.

[17]*Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 59, 459 S.E.2d 329, 336 (1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986)). *Accord Henzler v. Turnoutz, LLC*, 243 W. Va. 459, 463-64, 844 S.E.2d 700, 704-05 (2020) ("At summary judgment, a court may not peremptorily 'weigh the evidence and determine the truth of the matter . . . .' Instead, it must 'grant the nonmoving party the benefit of inferences, as credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" (internal citations and footnotes omitted)).

[18]*Hatten v. Mason Realty Co.*, 148 W. Va. 380, 391, 135 S.E.2d 236, 243 (1964).

there was a genuine issue of material fact, the court erred in granting summary judgment to the Shaffers. Given the existence of genuine issues of material fact and the circuit court's erroneous resolution of those issues, we conclude that the circuit court's order granting summary judgment, in part, to the Shaffers should be reversed. This case also should be remanded for further consideration on the merits because, until those factual issues have been resolved by a fact finder, the merits of the Shaffers' prescriptive easement claim cannot be determined.

## IV.    CONCLUSION

Based on our analysis, the December 11, 2020 order of the Circuit Court of Preston County is reversed to the extent that it grants summary judgment to the Shaffers and finds that the Shaffers had a prescriptive easement in the disputed alley from 1973 to 1999. This case also is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.